# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Rose M. Givhan, | ) | 05 B 38668 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |
| | ) | |

## MEMORANDUM OPINION

United Credit Union brings the present motion for approval of two reaffirmation agreements with Chapter 7 debtor Rose Givhan. The first agreement pertains to a loan originally extended for the purchase of a 2000 Ford Windstar van, and the second one pertains to a loan originally extended for a vacation. The current balance due on the first agreement was $17,128.77 as of September 30, 2005, and requires bi-weekly payments of up to $191.71. The current balance due on the second agreement was $8,279.25 as of September 30, 2005, and requires bi-weekly payments of up to $120.45.

To find these two reaffirmation agreements enforceable, the Court must determine that all of the following criteria are met:

- such agreement was made before the granting of the discharge under section 727 of this title;
- such agreement contains a clear and conspicuous statement which advises the debtor that the agreement may be rescinded at any time prior to discharge or within sixty days after such agreement is filed with the court, whichever occurs later, by giving notice of rescission to the holder of such claim;
- the debtor has not rescinded such agreement at any time prior to discharge or within sixty days after such agreement is filed with the court, whichever occurs later, by giving notice of rescission to the holder of such claim;
- such agreement contains a clear and conspicuous statement which advises the debtor that such agreement is not required under this title, under nonbankruptcy law, or under any agreement not in accordance with the provisions of this subsection;
- such agreement has been filed with the court;
- in a case concerning an individual who was not represented by an attorney during the course of negotiating an agreement under this subsection, the court approves such agreement as--(i) not imposing an undue hardship on the debtor or a dependent of the debtor; and (ii) in the best interest of the debtor. . . . ;
- if the debtor desires to make a reaffirmation agreement and was not represented by an attorney during the course of negotiating such agreement, then the court shall hold a hearing at which the debtor shall appear in person and at such hearing the court shall--
(1) inform the debtor--
(A) that such an agreement is not required under this title, under nonbankruptcy law, or under

any agreement not made in accordance with the provisions of subsection (c) of this section; and

(B) of the legal effect and consequences of--

    (i) an agreement of the kind specified in subsection (c) of this section; and

    (ii) a default under such an agreement.

*See* 11 U.S.C. § 524(c)-(d). The Court held a hearing on November 9, 2005, to advise the debtor of these rights and to determine whether the two agreements are enforceable under the listed criteria. The Court is satisfied that the debtor is aware of her rights and that all of the criteria have been established, with the exception of the requirement that an agreement not impose an undue hardship on the debtor or a dependent of the debtor and be in the best interest of the debtor. Under The first agreement pertaining to a loan for the purchase of a 2000 Ford Windstar van, the debtor will clearly be receiving the continuing benefit of a vehicle in exchange for future monthly payments on the obligation. *E.g., In re Sholos*, 11 B.R. 782, 783 (Bankr. W.D. Pa. 1981). Under the second agreement pertaining to a vacation loan, however, the debtor will receive no continuing or future benefit by paying monthly installments of $120.45. *In re Berkich*, 7 B.R. 483, 483 (Bankr. E.D. Pa. 1980) (reaffirmation not approved for unsecured debt when only benefit was sparing guarantor parent from collection); In re Long, 3 B.R. 656, 656-57 (Bankr. E.D. Va. 1980) (not approved for highly undersecured claim held by debtor's employer Sears). As this type of debt is normally covered by a general discharge order, the reaffirmation is not in the debtor's best interest, and the monthly payment is an undue burden. Additionally, the language to the effect that the creditor may retain postpetition payments made prior to rescission of the vacation loan as adequate protection payments for the continuing use of collateral is deemed ineffectual. The concept of adequate protection does not apply to unsecured claims such as the one in the second reaffirmation agreement.

Finally, the Court notes that a section 524(c) reaffirmation agreement is enforceable only to the extent it is an "agreement," that is, only to the extent that both the debtor and the creditor have assented to its terms. In re Jamo, 283 F.3d 392, 397-98 (1st Cir. 2002); *Green v. National Cash Register Co. CI Corp. System*, 15 B.R. 75, 77-78 (Bankr. S.D. Ohio 1981). This raises the issue of whether the proposed reaffirmations are severable, meaning that the Court can strike the vacation loan while approving the vehicle loan, or whether they are unitary, meaning that the Court must approve or strike the entire proposed reaffirmation. Three details are notable in this case. The loans were originally separate and independent obligations. Two distinct reaffirmation agreements are attached to the motion. The motion itself sometimes refers to "two (2) Reaffirmation Agreements" and sometimes to the "Reaffirmation Agreement." The use of the plural form tends to indicate severability. Because the debtor could still continue to receive a benefit under the first agreement for the purchase of a 2000 Ford Windstar van, the Court will construe the motion and proposal against the drafter and in favor of the *pro se* debtor to find severability. Accordingly, the Court approves "Reaffirmation Agreement No.1: 2000 Ford Windstar Van" and strikes "Reaffirmation Agreement No. 2: Vacation Loan" as unenforceable.

Date:  November 16, 2005                         ENTERED:
                                                             _J.P. Cox_      Jacqueline P. Cox
                                                              Jacqueline P. Cox
                                                             United States Bankruptcy Judge